**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3027
_____

KENNETH COPELAND,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041 570 587)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2011
Before:  AMBRO, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 31, 2011)

_____

OPINION
_____

PER CURIAM

Kenneth Copeland, proceeding <u>pro</u> <u>se</u>, petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration

Judge's ("IJ") decision denying his application for cancellation of removal.  For the

reasons that follow, we will deny the petition for review.

Copeland is a native and citizen of Panama. He came to the United States in 1987 at the age of 17 as a lawful permanent resident. In 2009, the Department of Homeland Security issued a notice to appear charging that Copeland was subject to removal from the United States because he was convicted of violating a law relating to a controlled substance and because he was convicted of a firearms offense. The IJ found Copeland removable as charged based on convictions in 2002 in Pennsylvania state court for possession and possession with intent to deliver marijuana, and a 1991 conviction in Pennsylvania state court for carrying firearms in public and without a license. Copeland applied for cancellation of removal.[1]

The IJ found Copeland ineligible for cancellation of removal. Although Copeland had been lawfully admitted for permanent residence for over five years and had resided here continuously for seven years, the IJ concluded Copeland had not shown that he had not been convicted of an aggravated felony. See 8 U.S.C. § 1229b(a) (setting forth requirements for cancellation of removal for certain permanent residents). The IJ found that Copeland's conviction in 2002 in Pennsylvania state court for possessing marijuana with the intent to deliver constitutes an aggravated felony.

The IJ further held that, even if Copeland had established that he had not been

---

[1]Copeland was initially represented by counsel, who filed his application for cancellation of removal. The IJ granted counsel's motion to withdraw, in which counsel requested permission to withdraw in order to avoid violating the Rules of Professional Conduct. Copeland testified that he was unable to pay counsel's fee.

convicted of an aggravated felony and thus was statutorily eligible for cancellation of removal, he did not show that he merits cancellation of removal in the exercise of discretion. The IJ recognized several positive factors in Copeland's case, including that he has extensive family living in the United States, that he has resided here for 22 years and since he was 17 years old, and that he would suffer from a loss of contact with his siblings. The IJ also found that Copeland's employment history was a positive factor. The IJ accepted two letters vouching for Copeland's good character and believed that Copeland is genuinely sorry for his crimes.

The IJ further found that Copeland's numerous arrests over the years were negative factors weighing against relief from removal. The IJ considered Copeland's drug offense serious in light of the amount of drugs involved and his association with a drug dealer. The IJ also noted Copeland's long-term drug use and found his firearms offense to be a significant adverse factor. The IJ recognized that Copeland's offenses occurred over a 12-year period but concluded that his criminal history was a significant adverse factor. The IJ decided that Copeland's criminal history outweighed his extensive presence and family ties in the United States and noted that his parents and grandmother live in Panama.

The BIA dismissed Copeland's appeal. The BIA rejecting Copeland's challenge to the IJ's finding that his drug offense constitutes an aggravated felony, which renders him ineligible for cancellation of removal. The BIA also noted that Copeland had not

3

challenged on appeal the IJ's alternate decision that he would deny cancellation of removal in the exercise of discretion if Copeland were eligible for this form of relief. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because Copeland is removable by reason of having committed a controlled substance offense, our review is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C) (divesting courts of jurisdiction to review removal orders against aliens removable by reason of having committed criminal offenses covered in 8 U.S.C. § 1182(a)(2), which includes controlled substance violations); Alaka v. Att'y Gen., 456 F.3d 88, 102 (3d Cir. 2006) (stating court retains jurisdiction to review constitutional claims and questions of law pursuant to § 1252(a)(2)(D)).

In his brief, Copeland challenges the conclusion that he committed an aggravated felony, a legal question. However, even if his argument were successful and we decided that he is statutorily eligible for cancellation of removal, the IJ further concluded that Copeland is not entitled to cancellation of removal as a matter of discretion. We lack jurisdiction to review the IJ's discretionary determination. 8 U.S.C. § 1252(a)(2)(B); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). Because we may not consider the IJ's decision that Copeland is not entitled to cancellation of removal as a matter of discretion, that decision would stand even if Copeland prevailed on his argument that he is not an aggravated felon. We thus conclude that it is unnecessary to

4

address the IJ's ruling that Copeland is statutorily ineligible for cancellation of removal because a decision in Copeland's favor would not change the result in his case.

Moreover, even if we had jurisdiction to consider the IJ's discretionary decision, the Government correctly argues that Copeland did not challenge in his appeal to the BIA the IJ's decision that he does not merit cancellation of removal as a matter of discretion. Thus, we also lack jurisdiction to review this decision because Copeland did not exhaust his administrative remedies. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).[2]

Accordingly, we will deny the petition for review.

---

[2]Similarly, Copeland contends in his reply brief that counsel told him that the only issue before the IJ would be whether his drug offense constitutes an aggravated felony and that the IJ should not have questioned him about his application for cancellation of removal. Copeland did not raise these arguments before the BIA and we may not consider them.